STATE v. EUGENE OWNBY.

(Filed 25 May, 1908).

**Indictment—Evidence—Expression of Opinion—Questions for Jury.**
    Upon a trial under an indictment for embezzlement, it is reversible error for the trial Judge to charge the jury that a witness, from whom the money is charged to have been embezzled, was not interested in the result, it being an expression of an opinion upon the evidence forbidden by statute.

CRIMINAL ACTION, tried before *Peebles, J.,* and a jury, at July-August Term, 1907, of the Superior Court of BUNCOMBE County.

From judgment defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*Attorney-General* for the State.
*Zeb. F. Curtis* and *Craig, Martin & Winston* for defendant.

WALKER, J.   The defendant was indicted for embezzlement.   The particular allegation in the indictment was that the defendant, while in the service of R. M. Ramsey, trading under the name of the Asheville Dray and Fuel Company, embezzled the sum of $100.   The defendant was convicted and sentenced to be imprisoned four years in jail, "and assigned to the commissioners of the county for said term, to be worked on the public roads," and adjudged to pay the costs. From the judgment of the court he appealed.   R. M. Ramsey and G. W. Davis, an employee of Ramsey, testified in the case to facts tending to show the defendant's guilt.   The only

exception we will consider is the following: "The court erred in charging the jury as follows: 'Ramsey and Davis are not interested one cent in the result of this suit. It makes no difference how it may go with them. I believe the defendant proved a good character, and when you consider his testimony it is your duty to take that into consideration.'"

It appeared that Ramsey had applied to a magistrate for a warrant against the defendant, and he was really the prosecutor in the case. But, whether he was or not, we think the instruction of the court to which exception was taken was an expression of opinion by the court upon the facts, or, rather, upon the weight of the evidence. It was for the jury, and not for the court, to determine what, if any, interest the witnesses Ramsey and Davis had in the case. The jury might very well have found that Ramsey was very much interested in securing the defendant's conviction. He was not, technically speaking, a party to the record, but, if the defendant had been acquitted and the Judge should have found "that there was not reasonable ground for the prosecution, or that it was not required by the public interest" (Revisal, sec. 1295), Ramsey might have been adjudged to be the prosecutor and taxed with the costs, or, if the prosecution was malicious and not founded on probable cause, he would be liable to an action by the defendant for damages. But, apart from all this, the jury may have believed that he had some interest in the case, though a general one, as the money was embezzled from him, and they may have considered this fact in weighing his testimony. We order a new trial, as the defendant has been materially prejudiced by the reference of the court to the witnesses Ramsey and Davis, within the rule we stated in *Withers v. Lane,* 144 N. C., 184; *Metal Co. v. Railroad,* 145 N. C., 293; *McRae v. Lawrence,* 75 N. C., 289.

The slightest intimation from a Judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury, and, therefore, we must be

careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial. We know that his Honor unguardedly commented upon the testimony of the witnesses, but when the prejudicial remark is made inadvertently it invalidates the verdict as much so as if used intentionally. The probable effect or influence upon the jury, and not the motive of the Judge, determines whether the party whose right to a fair trial has thus been impaired is entitled to another trial. In this case we all think there was a clear expression of opinion upon the weight of the evidence, which is forbidden by the statute.

New Trial.