FRANK CHANCE v. CRYSTAL ICE AND COAL COMPANY.

(Filed 16 September, 1914.)

Courts—Expression of Opinion—Credibility of Witness—Interpretation of Statutes.

Where a material witness for a party to an action has been asked a question which was withdrawn upon objection, and to his answer to the next question asked him adds the testimony called for in the question asked and withdrawn, it is reversible error for the judge to tell the jury that the objectionable part of the answer was stricken out, and to add, "This witness is too smart," for the added portion of the instruction is an expression of opinion by the judge upon the credibility of the witness, and is forbidden by statute.

APPEAL by defendant from *Ferguson, J.,* at February Term, 1914, of PASQUOTANK.

This is a civil action, tried upon these issues:

1. Was the plaintiff injured by negligence of defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury? Answer: No.

.3. What damage has the plaintiff sustained? Answer: $300. From the judgment rendered, the defendant appealed.

*Aydlett & Simpson for plaintiff.*
*I. M. Meekins for defendant.*

BROWN, J. We do not deem it necessary to discuss the sufficiency of the evidence of negligence, as the case is to be tried again and the evidence may be different from that presented in this record.

The plaintiff testified that he was injured while going into the cold-storage room of the defendant's plant by stepping upon a plank laid across a nail keg and used as a step. There was much evidence offered both by the plaintiff and the defendant.

W. E. Dunstan, manager of the defendant company, was introduced as a witness in behalf of the defendant. He was asked: "Are there any steps leading from the cold-storage room to the anteroom now?" This was objected to, and the question was withdrawn. The witness was then asked by the defendant: "Were there any steps there at the time of the injury?" The witness answered: "No; nor none since." The plaintiff objected to that part of the answer, "nor none since," and moved to strike it out. The court then interposed and in the presence and hearing of the jury said: "That part of the answer is stricken out; this witness is too smart." The defendant excepted to the remark of the judge commenting upon the conduct of the witness.

· This witness appears to have been a very important witness for the defendant, which relied almost entirely upon his testimony to contradict that of the plaintiff. The witness Dunstan not only testified as to facts which he believed would exonerate the defendant from liability, but also testified very materially as to the damage which the plaintiff sustained.

We think that the language of the judge in saying that the witness was too smart, however inadvertent upon the part of his Honor, was an infringement upon the prerogative of the defendant, and we cannot see anything in the record from which we can infer that the witness deserved such a rebuke.

We are quite sure that it was not intended to prejudice the defendant's case by the able and painstaking judge who tried this case, but it undoubtedly was well calculated to prejudice the jury against that particular witness, and was practically an expression of opinion upon the part of the judge as to the credibility of such witness.

The judge, under our law, is denied from expressing any opinion, or in any way conducting himself so as to influence the findings of the jury upon the questions of fact. The influence of the judge upon the jury under our system of practice is very great, and the law is careful to see that that influence is not thrown into the jury box adversely to either party.

While it is the duty of the jury to take the law from the court, it is also the duty of the judge to so conduct the trial that the jury may not be influenced in their findings of fact by any opinion that may fall from the court. This matter has been so fully discussed by *Mr. Justice Walker* in *Withers v. Lane,* 144 N. C., 184, that we deem it unnecessary to say anything further. *S. v. Howard,* 129 N. C., 584.

For the error complained of, there must be a

New trial.