### STATE v. GRADY OWENBY, JR.

(Filed 18 September, 1946.)

**1. Indictment § 9—**

> In drawing an indictment it is always better to adhere to the established practice.

**2. Criminal Law § 50d—New trial awarded for remarks of court impeaching credibility of witness and intimating that fact had not been established.**

> In this prosecution for carnal knowledge of a female between the ages of twelve and sixteen,· a witness for the defendant testified to the effect that prosecutrix had a bad reputation and that he himself had had carnal knowledge of her before the time specified in the indictment. The trial court, in the presence of the jury, made derogatory remarks concerning the witness, and stated that it appeared that the prosecuting witness was not a delinquent. *Held:* The remarks, though inadvertently made in the presence of the jury, impinge the statutory prohibition against the court at any time during the course of the trial casting doubt upon the testimony of a witness or impeaching his credibility, and the prohibition against the court at any time during the progress of the trial intimating whether a fact has been fully or sufficiently established, G. S., 1-180, and defendant is entitled to a new trial.

APPEAL by defendant from *Sink, J.,* at April Term, 1946, of BUN-COMBE.

Criminal prosecution upon indictment charging that on 15 September, 1945, the defendant did "wilfully and feloniously abuse and have carnal knowledge with one Dorothy Medford, she being over twelve years and under sixteen years of age and having never heretofore had sexual relation with any other person," contrary to the statute in such cases made and provided, etc.

The prosecuting witness testified that she was 12 years old on 15 September, 1945; that the defendant carnally knew her on that date, and further: "No, I did not have intercourse with any man except the defendant."

Clarence Cody, a witness for the defendant, testified that the prosecuting witness had a bad reputation; that she had had several dates with

him in his own house, when his wife was away; and that he had advised her she was too young and that she should go home, etc.

Following the evidence of this witness in the late afternoon on Monday after the jury had been given the case, the court ordered the witness held for grand-jury action on a charge of contributing to the delinquency of a minor.

On Tuesday morning, the jury was in the box at the opening of court to request further instructions on the defendant's alibi. In the presence of the jury, the court reviewed what had taken place the day before, "made considerable comment derogatory of Cody," and announced that as "it appears that the minor involved in this case is not a delinquent," the bill heretofore sent to the grand jury in this matter will be recalled and the named defendant Cody discharged. Exception by the defendant.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison for not less than one nor more than two years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*James E. Rector for defendant.*

STACY, C. J. The sufficiency of the indictment is challenged, both by motion to quash the bill and by motion in arrest of judgment. But as a new trial is to be had for reasons hereafter stated, the solicitor can easily eliminate any objection by sending a new bill to the grand jury. It is always better in criminal matters to adhere to the established practice and to follow the beaten path. *S. v. Johnson, ante,* 266.

The disparagement of the defendant's witness, Cody, and the expression of opinion that the minor in the case was not a delinquent, though inadvertently made in the presence of the jury, would seem to entitle the defendant to another hearing. G. S., 1-180; *S. v. Auston,* 223 N. C., 203, 25 S. E. (2d), 613; *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473.

No judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a witness or to impeach his credibility. *S. v. Winckler,* 210 N. C., 556, 187 S. E., 792; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *Morris v. Kramer,* 182 N. C., 87, 108 S. E., 381; *S. v. Rogers,* 173 N. C., 755, 91 S. E., 854; *Chance v. Ice Co.,* 166 N. C., 495, 82 S. E., 845; *Ray v. Patterson,* 165 N. C., 512, 81 S. E., 773. "The slightest intimation from a judge as to the strength of the evidence or as to the credibility of a witness will always have great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by an expression from the bench

which is likely to prevent a fair and impartial trial"—*Walker, J.,* in *S. v. Ownby,* 146 N. C., 677, 61 S. E., 630.

Nor is it permissible for the judge in charging the jury or at any time during the trial, to intimate whether a material fact has been fully or sufficiently established, it being the true office and province of the jury to weigh the testimony and to decide upon its adequacy to prove any issuable fact. It is the duty of the judge, under the provisions of the statute, to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon, without expressing any opinion upon the facts. G. S., 1-180; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345. It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. "Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury." *Withers v. Lane,* 144 N. C., p. 192, 56 S. E., 855.

For the errors as indicated, the defendant is entitled to a new trial. It is so ordered.

New trial.