### STATE v. ELMER RAY WOOLARD.

(Filed 17 September, 1947.)

**Criminal Law § 50d—**

> In a prosecution for carnal knowledge of a female child over twelve and under sixteen years of age, the repeated remark of the court in directing the sheriff to quiet the spectators, made immediately after cross-examination of prosecutrix to impeach her testimony, that "you people cannot laugh at the predicament of this poor little girl; the only difference between you and she is that you haven't been caught," *is held* to violate G. S., 1-180, as tending to invoke sympathy for prosecutrix and thereby bolster her testimony and as tending to impair the effect of defendant's plea of not guilty.

APPEAL by defendant from *Hamilton, Special Judge,* at June Term, 1947, of BEAUFORT.

Criminal prosecution upon bill of indictment charging that the defendant did unlawfully, willfully, and feloniously carnally know and abuse a certain named female child over twelve and under sixteen years of age, etc.

Defendant pleaded not guilty.

The record discloses that on the trial below after the prosecutrix as witness for the State had testified to facts tending to support the charge against defendant, he, through cross-examination by his counsel, sought to impeach the truthfulness of her testimony; that at the conclusion of her examination as a witness, the court made the following remark: "Mr. Sheriff, you'll have to keep that crowd quiet—you people cannot laugh at the predicament of this poor little girl; the only difference between you and she is that you haven't been caught"; and that this remark was made three times during the course of the trial.   Exception by defendant.

The defendant did not offer himself as a witness.

There was a verdict of guilty.   And from judgment, sentencing defendant to two years on the roads, he appeals to Supreme Court and assigns error.

·*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*LeRoy Scott and John A. Mayo for defendant, appellant.*

WINBORNE, J.   Among the errors assigned by defendant on this appeal the one directed to the remarks made by the presiding judge in the course of the trial and in the presence of the jury as above recited, is well taken and must be held to be prejudicial error.   The apparent effect of these remarks is twofold: (1) They tend to invoke sympathy for the prosecuting witness, and thereby bolster her testimony; and (2) they tend to impair the effect of defendant's plea of not guilty.   Thus they constitute a violation of the provisions of G. S., 1-180, forbidding a judge to express to the jury his opinion on facts of the case being tried.

Decisions of this Court, uniformly, are to the effect that "the slightest intimation from a judge as to the strength of the evidence, or as to the credibility of the witness, will always have great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial." *Walker, J.,* in *S. v. Ownby,* 146 N. C., 677, 61 S. E., 630.   See also *S. v. Owenby,* 226 N. C., 521, 39 S. E. (2d), 378.

And, "the judge may indicate to the jury what impression the evidence has made on his mind, or what deductions he thinks should be drawn therefrom, without expressly stating his opinion in so many words. This may be done by his manner or peculiar emphasis or by his so arraying and presenting the evidence as to give one of the parties an undue advantage over the other; or, again the same result may follow the use of language or from an expression calculated to impair the credit which might not otherwise and under normal conditions be given by the jury to the testimony of one of the parties." *Stacy, C. J.,* in *S. v. Benton,* 226 N. C., 745, 40 S. E. (2d), 617.

"Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of properly instructed jury. This right can neither be denied or abridged." *Walker, J.,* in *Withers v. Lane,* 144 N. C., 184, 56 S. E., 855.

Applying these principles to the exception indicated, there must be a new trial. Hence, other assignments need not be considered as they may not then recur.

New trial.