STATE v. JACK CANTRELL.

(Filed 2 March, 1949.)

**1. Criminal Law § 50d—**

The court, in interrogating defendant's witness, stated "in other words you were in sympathy with" defendant. *Held:* The remark is reversible error as tending to prejudice the witness or defendant in the eyes of the jury and as constituting an expression of opinion by the court as to the weight or sufficiency of the evidence.

**2. Criminal Law § 42c—**

It is reversible error for the court to ask a witness an impeaching question.

**3. Criminal Law § 53d—**

The statement of the court in its charge that defendant had admitted that he had been tried and convicted of certain offenses, *held* not supported by the evidence of record.

APPEAL by defendant from *Phillips, J.,* at September Term, 1948, of
SURRY.

Criminal prosecution tried upon an indictment charging the defendant with having carnal knowledge of a female child of the age of ten years.

The defendant was tried at the April Term, 1948, of the Superior Court of Surry County, for the capital offense charged in the bill of indictment, and after due deliberation the jurors informed the court that it was impossible for them to reach a verdict. Thereupon the court withdrew a juror and ordered a mistrial.

When the case was again called for trial, the Solicitor announced that the State would not ask for a verdict of guilty of rape, but would ask for a verdict of guilty of an assault with intent to commit rape.

The defendant is the father of the child he is charged with assaulting.

Verdict: Guilty of an assault on a female with intent to commit rape. Judgment: That the defendant be confined in the State's Central Prison at hard labor, for not less than 14 nor more than 15 years.

The defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Frank Freeman and Charles L. Folger for defendant.*

DENNY, J. The defendant entered a plea of not guilty to the charge in the bill of indictment, and undertook to prove an alibi. He offered a witness in his behalf not only for the purpose of establishing his alibi, but also to testify to a conversation which the witness claimed to have had with the prosecutrix sometime prior to the trial, which conversation tended to exonerate the defendant. Whereupon, the court took over the examination of the witness and asked him the following questions:

"Q. When did you talk to her? A. I talked with her on Saturday, two weeks before the last court.

"Q. Where was she? A. At my place.

"Q. You asked her about it? A. Yes, sir, I asked her about it. That is right.

"Q. Why did you ask her about it? A. Well, the fellow was in jail.

"Q. In other words you were in sympathy with her father? A. Well, everybody else was against him."

The court struck out the last answer of the witness and instructed the jury not to consider it.

The defendant in apt time excepted to the statement made by the court, as follows: "In other words, you were in sympathy with her father?"

The defendant insists this statement was intended to impeach the witness and to discredit his testimony. We think the exception well taken and must be upheld. Any remark of the trial judge, made in the presence

of the jury, which has a tendency to prejudice the minds of the jurors against the unsuccessful party or his witnesses, will be held for error. *Perry v. Perry,* 144 N.C. 328, 57 S.E. 1. Moreover, under our practice, any expression of opinion by the trial judge, as to the sufficiency or insufficiency of the evidence or any part of it which is pertinent to the matter at issue, is error. *S. v. Dick,* 60 N.C. 440; *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855; *S. v. Ownby,* 146 N.C. 677, 61 S.E. 630; *Park v. Exum,* 156 N.C. 228, 72 S.E. 309; *S. v. Rogers,* 173 N.C. 755, 91 S.E. 854.

Likewise, it is error for the trial judge to ask a witness an impeaching question. "No judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a witness or to impeach his credibility." *S. v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378. *S. v. Auston,* 223 N.C. 203, 25 S.E. 2d 613; *S. v. Buchanan,* 216 N.C. 34, 3 S.E. 2d 273; *S. v. Winckler,* 210 N.C. 556, 187 S.E. 792; *Morris v. Kramer,* 182 N.C. 87, 108 S.E. 381. Counsel may ask questions for the purpose of impeaching a witness on cross-examination or of an adverse witness, but this privilege does not extend to the trial judge. *S. v. Bean,* 211 N.C. 59, 188 S.E. 610.

The remark was undoubtedly an inadvertence. However, any expression made by the judge in the course of a trial, in the presence of the jury, which amounts to an expression of opinion as to the sufficiency or insufficiency of evidence, or which tends to impeach a witness, even though inadvertently made, cannot ordinarily be cured by instructing the jury to disregard such expression; and here the court made no effort to do so. *Thompson v. Angel,* 214 N.C. 3, 197 S.E. 618; *S. v. Winckler, supra; S. v. Oakley,* 210 N.C. 206, 186 S.E. 244; *S. v. Rogers, supra.*

We think it is proper to call attention to another error which appears on the face of this record, although the defendant did not except thereto. His Honor in recapitulating the evidence in his charge to the jury, stated that the defendant "admitted, on cross-examination, that he had been in trouble in Kentucky, having been indicted and convicted for violating the prohibition laws on more than one occasion; and that he had been tried and convicted of an assault with intent to commit rape on his daughter Dorline Shelton; and that the judgment of the court in Virginia was that he be imprisoned for a period of eighteen months, that sentence being suspended on condition that he leave the State; then he came to North Carolina and has been living here with his family until the time he was arrested on this charge."

This appeal is before us on an agreed case and the trial judge has had no opportunity to review it. It may be that in the course of the trial below the defendant did admit that "he had been tried and convicted of an assault with intent to commit rape on his daughter Dorline Shelton,"

who was a witness for the State in the trial below, but no such admission appears in the record.

There must be a new trial, and it is so ordered.

New trial.