## STATE v. LEWIS SHINN.

(Filed 31 October, 1951.)

**Criminal Law § 53f—**

In a prosecution for violation of the liquor laws upon evidence obtained by an investigator for the State ABC Board, an instruction to the effect that it was commendable for a law enforcement officer to use all reasonable and proper means in the apprehension of violators and that his acts in so doing were to his credit rather than to his discredit, *is held* reversible error as an expression of opinion by the court as to the court's estimate of the witness. G.S. 1-180.

APPEAL by defendant from *Phillips, J.*, at April Term, 1951, of CABARRUS.

Criminal prosecution upon warrant charging defendant with unlawful possession of, unlawful possession of for purpose of sale, and selling intoxicating liquors.

Defendant entered plea of not guilty.

Upon trial in Superior Court the State introduced as witnesses two men, each of whom characterized himself as an investigator for the State ABC or State ABC Board. Their testimony tended to show that on night of 17 February, 1951, defendant had in his possession intoxicating liquors, and that one of them bought a pint of Calvert's whiskey from defendant, and paid him $3.00 for it; and that the sale took place in a certain room over Shinn's Grocery store in Kannapolis.

On the other hand, defendant, as a witness for himself, testified that he did not see either of the men, who testified for the State, on 17 February, 1951, and that he did not sell whiskey to either of them, or anyone else, on 17 February, 1951, or to them at any other time; and that the room described by them as the place of sale was not his room, but that of others. And defendant further testified, and offered other testimony which he contends tends to support him in his plea of not guilty.

The case was submitted to the jury.

Verdict: Guilty.

Judgment: Confinement in common jail of Cabarrus County and assigned to work under the supervision of the State Highway and Public Works Commission for six months,—suspended for a period of two years on conditions stated.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney General McMullan, Assistant Attorney General Bruton, and Charles G. Powell, Member of Staff, for the State.*

*B. W. Blackwelder for defendant, appellant.*

WINBORNE, J. Defendant takes exception to, and assigns as error that portion of the charge of the court to the jury which reads as follows:

"Now in regard to the evidence of a detective or officer who has on the face of it violated the láw, but when he is under subpoena and comes in and testifies for that purpose, goes out and buys it for the purpose of prosecuting and a subpoena is served on him and he comes in and testifies under that subpoena, under the statute I have just read to you, then he is immune from prosecution and he is forgiven by the law for his violation in buying the whiskey.

"The court charges you that it was commendable on the part of a detective and it is.commendable of a law enforcement officer to use all reasonable and proper means in the apprehension of those who are violating the law of the land, and when they do so in that spirit that will enable the law to place its hands upon offenders and violators, and it is to the credit rather than to the discredit of the persons so acting."

These instructions tend to bolster the witnesses for the State, and to impair the effect of defendant's plea of not guilty. Hence the exception is well taken. The instructions must be held to be violative of the statute G.S. 1-180 which declares that "no judge, in giving a charge to a petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven—that being the true office and province of the jury." This inhibition has been applied uniformly in decisions of this Court, among which are these: S. v. Dick, 60 N.C. 440; Crutchfield v. R. R., 76 N.C. 320; S. v. Ownby, 146 N.C. 677, 61 S.E. 630; S. v. Cook, 162 N.C. 586, 77 S.E. 759; Chance v. Ice Co., 166 N.C. 495, 82 S.E. 845; Bank v. McArthur, 168 N.C. 48, 84 S.E. 39; S. v. Rogers, 173 N.C. 755, 91 S.E. 854; Morris v. Kramer, 182 N.C. 87, 108 S.E. 381; S. v. Owenby, 226 N.C. 521, 39 S.E. 2d 378; S. v. Benton, 226 N.C. 745, 40 S.E. 2d 617; S. v. Woolard, 227 N.C. 645, 44 S.E. 2d 29; S. v. Dooley, 232 N.C. 311, 59 S.E. 2d 808.

In S. v. Ownby, supra (146 N.C. 677), Walker, J., for the Court wrote in this manner: "The slightest intimation from a judge as to the strength of the evidence, or as to the credibility of the witness, will always have great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial." This expression is quoted with approval in S. v. Owenby, supra (226 N.C. 521), and in S. v. Woolard, supra.

In S. v. Benton, supra, it is said that "the judge may indicate to the jury what impression the evidence has made on his mind or what deductions he thinks should be drawn therefrom, without expressly stating his opinion in so many words. This may ... follow the use of language or from an expression calculated to impair the credit which might not

otherwise and under normal conditions be given to the testimony of one of the parties."

And it may follow the use of language or from an instruction calculated to strengthen the credit which might not otherwise and under normal conditions be given to the testimony of a witness.

Indeed, in *Crutchfield v. R. R., supra,* this Court expressly declared that "a judge ought not to state to the jury his estimate of a witness or how he appears to him."

"Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of properly instructed jury. This right can neither be denied or abridged," as stated by the Court in *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855, and quoted in *S. v. Woolard, supra.*

No doubt the language appearing in the instructions under challenge was inadvertently used by the trial judge. Nevertheless, it is "the probable effect or influence upon the jury, and not the motive of the judge," that "determines whether the party whose right to a fair trial has thus been impaired is entitled to another trial." *S. v. Ownby, supra.*

Applying the provisions of the statute G.S. 1-180 as interpreted and applied in decisions of this Court, the conclusion that the charge under challenge is prejudicial to defendant is inescapable and, for error so pointed out, he is entitled to a new trial.

Other assignments of error are not considered since the matters to which they relate may not recur upon another trial.

New trial.