T. CURTIS ANDREWS AND WIFE, CATHERINE ANDREWS, v. T. B. ANDREWS.

(Filed 18 April, 1956.)

**Trial § 6—**

It is not unusual nor improper for a trial judge to ask questions of a witness to make clear his testimony on some point or to facilitate the taking of the testimony, and while frequent interruptions and prolonged questioning are not approved and will be held for prejudicial error when amounting to an expression of opinion by the court on the weight of the evidence or the credibility of the witnesses, the record in this case fails to show prejudice in this respect.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* October Term, 1956, of RICHMOND.

This was an action to recover damages for the improper use of a private pond on defendant's land in such manner as to cause injury to plaintiffs' property adjoining. It was alleged that defendant by entic-

ing and harboring a large number of wild geese had created a private nuisance, and that the geese so enticed and harbored had caused special and substantial damage to plaintiffs' land and crops.

Issues were submitted to the jury and answered as follows:

"1. Is the pond of the defendant so located and used by the enticing and harboring of wild geese upon the same, as to constitute a nuisance as alleged in the complaint? Answer: Yes.

"2. If so, have the plaintiffs been damaged in a special and peculiar way by reason thereof? Answer: Yes.

"3. What amount of damage, if any, are plaintiffs entitled to recover of the defendant? Answer: $500.00."

From judgment on the verdict defendant appealed.

*Pittman & Webb for defendant, appellant.*
*M. C. McLeod and John T. Page, Jr., for plaintiffs, appellees.*

DEVIN, J.  This case was here at Spring Term, 1955, on demurrer questioning the sufficiency of the facts alleged in the complaint to constitute a cause of action, and is reported in 242 N.C. 382, 88 S.E. 2d 88. In the opinion in that case the principles underlying an action for tort in the nature of a private nuisance causing special damage were held applicable to the facts here alleged, and the complaint was upheld.

In the ensuing trial on the issues raised there was verdict for the plaintiff, and from the judgment predicated thereon the defendant appealed, assigning errors in the rulings of the trial judge.

The defendant has brought forward in his assignments of error a number of exceptions noted to the court's rulings in the admission and rejection of evidence. We have examined these exceptions and are unable to perceive any prejudicial error materially affecting the result.

The defendant, however, calls attention to the action of the trial judge in propounding numerous questions to the witnesses during the taking of the testimony, and contends that the judge unconsciously gave the jury an impression favorable to the plaintiffs and detrimental to the defendant, and thus impliedly expressed opinion as to the credibility of witnesses and the value of the testimony. The defendant has pointed out in his brief the numerous instances in which he contends the court's questions were prejudicial to him.

While an examination of the record reveals a number of instances in which the judge asked questions of the witnesses, we are unable to perceive any substantial basis for the conclusion that intimation was thereby conveyed to the jury as to the credibility of a witness or the sufficiency of the proof of any material fact to the prejudice of the defendant. It is not unusual nor improper for a trial judge to ask ques-

tions of a witness to make clear his testimony on some point, and sometimes to facilitate the taking of the testimony, but frequent interruptions and prolonged questionings by the court are not approved and may be held for prejudicial error if this tends to create in the minds of the jurors the impression of judicial leaning to one side or the other.

This Court has frequently considered questions similar to that here presented, and awarded new trials when it was made to appear that the court's questioning or comments tended to create in the minds of the jurors the implication of an expression of. opinion by the court.   We cite some of the cases illustrating this Court's ruling on similar questions as they were presented: *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855; *S. v. Jones,* 181 N.C. 546, 106 S.E. 817; *S. v. Bean,* 211 N.C. 59, 188 S.E. 610; *Bailey v. Hayman,* 220 N.C. 402, 17 S.E. 2d 520; *S. v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29; *S. v. Cantrell,* 230 N.C. 46, 51 S.E. 2d 887; *In re Will of Bartlett,* 235 N.C. 489, 70 S.E. 2d 482; *S. v. Perry,* 231 N.C. 467, 57 S.E. 2d 774; *S. v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264.

In the case of *In re Will of Bartlett, supra, Ervin, J.,* speaking for the Court stated the rule as follows: "A trial judge has undoubted power to interrogate a witness for the purpose of clarifying matters material to the issues.   *S. v. Horne,* 171 N.C. 787, 88 S.E. 433; *Eekhout v. Cole,* 135 N.C. 583, 47 S.E. 655.   He should exercise such power with caution, however, lest his questions, or his manner of asking them, reveal to the jury his opinion on the facts in evidence and thus throw the weight of his high office to the one side or the other."

And in *S. v. Perry, supra, Denny, J.,* pointed out the rule in this language: "It does not follow, however, that every ill-advised comment by the trial judge or question propounded by him which may tend to impeach the witness is of such harmful effect as to constitute reversible error.   The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless."

The issues raised by the pleadings in this case seem to have been fairly presented to the jury.   There was no exception to the charge. We think the result should not be disturbed.

No error.

JOHNSON, J., took no part in the consideration or decision of this case.