STATE v. CLIFFORD BAXTER MORGAN.

(Filed 15 January, 1965.)

**1. Indictment and Warrant § 9—**

    A warrant sufficiently charging defendant with an offense will not be quashed because it fails to sufficiently charge defendant's prior conviction of a like offense for the purpose of increased punishment.

**2. Criminal Law § 111—**

Where it appears that one of defendant's witnesses was a personal friend, another had known him for years, and that defendant was a business customer of a third, and another had worked together with defendant, a charge in the correct form that the jury should scrutinize the testimony of interested witnesses will not be held for prejudicial error, the relationships which might cause bias being infinite in number.

**3. Same—**

In this prosecution for driving while under the influence of intoxicating liquor, the record disclosed that a police officer observed defendant driving for some distance and identified defendant as the man he had seen driving. An instruction to the jury that an officer of the witness' experience is trained to make observations which would enable him to identify people and that he had identified defendant, *is held* not prejudicial under the facts of this case, there being ample evidence in the record to sustain the verdict.

**4. Criminal Law § 131—**

A sentence within the limits allowed for a first offense will not be disturbed on the contention that the warrant failed to charge the requisites of a prior conviction and that the court might nevertheless have taken the previous conviction into consideration in fixing punishment.

APPEAL by defendant from *Mintz, J.*, May Session 1964 of WAKE.

The defendant, Clarence Baxter Morgan, was arrested on 20 May 1963, in White Oak Township, Wake County, North Carolina, and charged in a warrant issued by the Recorder's Court at Apex, North Carolina, for unlawfully and wilfully operating a motor vehicle upon the public highways of the State of North Carolina, while under the influence of intoxicating liquor or narcotic drugs, this being his second offense (prior conviction 18 March 1958), contrary to the form of the statute, *et cetera*.

The defendant was tried in said Recorder's Court and found guilty and given a sentence of twelve months on the roads, suspended upon payment of a fine of $300.00 and costs.

Defendant appealed to the Superior Court of Wake County where he was tried and convicted upon the original warrant.

Prior to the entry of a plea, the defendant moved to quash the warrant on the ground that it did not sufficiently charge the second offense of operating a motor vehicle while under the influence of intoxicating liquor. The motion was denied. The defendant entered a plea of not guilty and the jury was empaneled. At this point, the defendant entered into a stipulation to the effect that on 1 November 1957 he was convicted in the Superior Court of Wake County for operating a motor vehicle upon the public highways of North Carolina while under the

influence of intoxicating beverages, and that the present charge is his second offense.

The State's evidence tends to show that on 20 May 1963, G. L. Swanson, State Highway Patrolman, was off duty, driving a private car, and was traveling on U. S. Highway 64, just east of Apex, North Carolina, when he saw the defendant driving a 1962 Ford automobile. Defendant pulled into the highway in front of the Patrolman, drove with his wheels on the right shoulder, during which time the Patrolman passed the defendant and watched the movement of defendant's vehicle in the rear-view mirror as defendant's car traveled across the road onto the left-hand shoulder and continued to weave from one side to the other. The Patrolman pulled off and stopped on the right-hand side of the road, waited for the defendant to overtake and pass him, then proceeded to follow defendant's vehicle for several miles. There were two other persons in the defendant's automobile. During the time the Patrolman followed defendant's vehicle, it continued to weave across the road, going off on the left-hand shoulder and then onto the right shoulder, forcing oncoming vehicles to pull off and stop. The Patrolman pulled alongside defendant's vehicle, blew his horn and attempted to stop him, but defendant increased his speed to 65 miles per hour — and over at times — and, finally, after several miles, the defendant pulled into a store near the county line, known as the Allen Norwood Store. The Patrolman again observed that defendant was driving the car. The Patrolman then called the State Highway Patrol, by phone, and as a result of this telephone call, State Highway Patrolman J. F. Huffine proceeded to defendant's home where the Patrolman found defendant's automobile parked in his front yard. Defendant was lying on the front seat of the vehicle with his head towards the steering wheel, his body on the right-hand side. Evidence further shows that Officer Huffine talked with defendant. Defendant twice told the officer that he had been riding around looking at tobacco; that he had been drinking, and that he had been driving the automobile.

The defendant did not take the stand, but offered several witnesses who knew the defendant and who had seen him during the morning of 20 May 1963. Their testimony, in summary, was to the effect that the defendant was not drunk and that Reid Holland was driving the automobile for the defendant.

The jury returned a verdict of guilty as charged. The court imposed a sentence of six months and assigned defendant to work under the supervision of the State Prison Department. With the consent of defendant, the sentence was suspended upon condition that the defendant

pay a fine of $500.00 and costs and not drive a motor vehicle for two years.

The defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State.*
*Bernard A. Harrell for defendant.*

DENNY, C.J. The defendant assigns as error the refusal of the court below to quash the warrant in that it does not charge a prior offense as required by G.S. 15-147.

The statute only requires that for an offense which, "on the second conviction thereof is punished with other or greater punishment than on the first conviction, it is sufficient to state that the offender was, at a certain time and place, convicted thereof; without otherwise describing the previous offense * * *." The warrant herein purports to give the time but not the place where the former offense was committed.

The State concedes that the warrant fails to allege facts sufficient to charge a second offense in order to subject the accused to the higher penalty pursuant to G.S. 20-179 for a second offense. Even so, the failure to adequately charge a prior offense did not prevent a conviction upon the alleged violation of G.S. 20-138, charged in the warrant. *S. v. Stone,* 245 N.C. 42, 95 S.E. 2d 77.

This assignment of error is overruled.

The appellant assigns as error the following portion of the charge to the jury: "* * * A number of these witnesses who testified here or some of them have testified, at least one or two, that the defendant was a customer of theirs, in one case not a regular customer and another case the witness testified he and the defendant were in the practice of trading or substituting, accommodating each other with the exchange of farm machinery in the operation of their farms * * *. The interested witness rule that I would call to your attention is that the law does not reject the testimony of interested witnesses when they testify on behalf of the defendant but the law says that if they are interested you should carefully scrutinize their testimony in the light of such interest as they may have on the theory that an interested person, interested in the outcome of one for whom they are testifying, may be interested in the outcome of your verdict but after you examine and closely scrutinize their testimony in the light of their interest in the case, if you find the witness is still telling the truth, you will give that testimony the same weight and credibility you would that of any disinterested witness."

The appellant in his brief concedes that the interested witness rule was charged in the proper language; that the defendant's exception is not based on an improper or incomplete charge but upon the premise that the court should not have charged at all with respect to interested witnesses.

One of defendant's witnesses testified to the effect that he was a personal friend of the defendant. Another witness said he had known the defendant for three or four years, that he was in the oil business and the defendant was a customer of his; that defendant's sister lives next door to his station. Defendant's witness Anderson testified that he and the defendant worked "together some on farms"; that they did not "visit much socially, sometimes once a week."

In S. v. Faust, 254 N.C. 101, 118 S.E. 2d 769, Moore, J. discussed the relationships which might cause bias in a witness as follows: "It does not appear that the Court had any particular relationship exclusively in mind. Bias need not prevail over the obligation of a solemn oath in any relationship, however close, of a witness to an interested party or to a cause. But experience teaches that bias because of relationship often colors the testimony of witnesses.

"The relationships which might cause bias are legion. 'Any sort of connection which is perceived or imagined between two or more things, or any comparison which is made by the mind, is a relation.' Webster's New International Dictionary, 2d Ed. (1936), p. 2102. The law recognizes relationships far beyond blood and marriage. 'Although relationship to a party should not discredit the witness, still this is a circumstance which may be weighed by the jury. So also social and business relations, intimacy or hostility, and other circumstances which are creative of bias may properly be considered.' Jones on Evidence, 5th Ed. (1958), Vol. 4, § 991, p. 1867. 'The range of external circumstances from which probable bias may be inferred is infinite * * *.' Wigmore on Evidence, 3rd Ed. (1940), Vol. III, § 949, pp. 499-504. State v. Nat, 51 N.C. 114; People v. Cowan (Cal. 1905), 82 P. 339."

The appellant seeks to sustain this assignment of error on the ground that the court was not justified in charging the jury with respect to interested witnesses, and, therefore, such charge was tantamount to an expression of opinion in violation of G.S. 1-180.

We concede the question as to whether the defendant's evidence was of such character as to justify the charge on the interested witness rule is a close one; however, in light of the opinion in S. v. Faust, supra, we are inclined to the view that the defendant was not prejudiced by the charge in this respect. This assignment of error is overruled.

STATE *v.* MORGAN.

The defendant assigns as error the following portion of the charge appearing in capital letters: "The State says and contends you ought to convict this defendant, State says and contends he was on the road that day driving his car and that Officer Swanson had an opportunity to observe him for several miles driving ahead, driving alongside of him, stopping on one occasion and passing him slowly on the other and THAT AN OFFICER OF HIS EXPERIENCE IS EQUIPPED OR RATHER HE IS TRAINED TO MAKE OBSERVATIONS WHICH AID HIM IN IDENTIFYING PEOPLE AND THAT HE HAS IDENTIFIED HIM, STATED POSITIVELY TO YOU HE IS THE MAN." The defendant contends that the foregoing instruction tended to enhance the testimony of the State's witness and was prejudicial to the defendant, citing *S. v. Shinn,* 234 N.C. 397, 67 S.E. 2d 270; *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568; *S. v. Love,* 229 N.C. 99, 47 S.E. 2d 712; and *S. v. Benton,* 226 N.C. 745, 40 S.E. 2d 617.

In *S. v. Shinn, supra,* in connection with the testimony of an undercover investigator for the State ABC Board, the court instructed the jury: "The court charges you that it was commendable on the part of a detective and it is commendable of a law enforcement officer to use all reasonable and proper means in the apprehension of those who are violating the law of the land, and when they do so in that spirit that will enable the law to place its hands upon offenders and violators, and it is to the credit rather than to the discredit of the persons so acting." This Court held the foregoing to be an erroneous instruction and granted a new trial.

Likewise, in the case of *S. v. Simpson, supra,* among other things complained of, the court instructed the jury as follows: "(T)he State contends that Banner (prosecuting witness) holds a responsible position * * * that he is a man worthy of your belief; that he has proven a good character by a white man who had known him for a number of years, and that his character alone in contradiction of the defendant and his witnesses is worth more than a dozen of them." This instruction was held to be erroneous.

Also, in *S. v. Benton, supra,* where the defendant was charged with rape, among other things, the court charged the jury as follows: "The State further insisted and contends that you should believe the officers in the case (naming them); that they have no reason to testify falsely against this man; that they are officers of the law * * * worthy of your belief and you should believe them; that if you believe what they say about it and what the defendant told them and the other evidence in the case * * * you should be satisfied * * * beyond a reasonable doubt that the defendant is guilty of the capital crime of rape." This charge was likewise held to be erroneous.

However, in the instant case, there is no question about the fact that Patrolman Swanson did have ample opportunity to observe the driver of defendant's car; and, furthermore, this officer did identify the defendant as the man he saw driving an automobile on Highway 64 on the morning of 20 May 1963. We think that it was purely a question of credibility which was for the jury to decide and that the charge did not materially enhance the credibility of the State's witness. There is ample evidence in the record to sustain the verdict of the jury, and we are of the opinion that the instruction complained of was not sufficiently prejudicial to warrant a new trial.

The remaining assignments of error, in our opinion, are without sufficient merit to require discussion and they are overruled.

The defendant concedes that the judgment imposed below was not excessive for a first offense. *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475. Even so, he does contend that the court may have taken into consideration the fact that he had been previously convicted. Be that as it may, the court did not charge the jury with respect to a former offense; neither was the attention of the jury called to the fact that the defendant had stipulated that he had been previously convicted of a similar offense.

In the trial below, we find no reversible error.

No error.