STATE OF NORTH CAROLINA v. CLYDE ROYAL

No. 7023SC132

(Filed 1 April 1970)

1. **Criminal Law §§ 102, 170— argument to jury outside the record — instructions — harmless error**

While arguments to the jury should be based on the evidence or on that which may be properly inferred from the case, the argument of counsel outside the record ordinarily will be cured by the court's action promptly sustaining objection to the argument and cautioning the jury not to consider it.

2. **Automobiles § 128; Criminal Law §§ 99, 170— drunken driving — argument to jury — breathalyzer results in other cases — comment by court — expression of opinion**

In this prosecution for drunken driving wherein the State introduced evidence of the results of a breathalyzer test showing that defendant's blood contained .15% alcohol, and defense counsel improperly argued to the jury that in other cases tried the same week the breathalyzer indicated .29 or .30, the trial court erred in commenting that his own recollection was that breathalyzer results introduced in other cases indicated .18 and .19 instead of instructing the jury to disregard the improper argument, since the court's statement may have intimated to the jury that in the court's opinion the State's breathalyzer evidence was strong when compared with similar evidence in unrelated cases.

3. **Automobiles § 128; Criminal Law §§ 102, 170— improper argument of solicitor and counsel — instructions to jury**

In this prosecution for drunken driving, the jury should have been instructed unequivocally not to consider the argument of defense counsel or the solicitor as to what the evidence was in other drunken driving cases, how successful the officers had been in similar cases, or how other defendants had pleaded to similar charges.

4. **Automobiles § 126; Criminal Law § 88; Witnesses § 8— drunken driving — cross-examination of arresting officer — statements by defendant at time of arrest**

In this prosecution for drunken driving, the trial court erred in ruling that the arresting officer could not be questioned on cross-examination regarding any statement made by defendant at the time of arrest unless defendant first took the stand and testified, since defendant should have been permitted to cross-examine the officer regarding statements made by defendant at the time of arrest, if for no other purpose than to attempt to show that defendant talked intelligently and was in control of his mental faculties.

APPEAL by defendant from *McConnell, J.,* September 1969 Session of ALLEGHANY Superior Court.

Defendant was tried upon a bill of indictment charging him with having operated a motor vehicle upon the public highways of Alle-

ghany County on 18 February 1969 while under the influence of intoxicating liquor. Substantial evidence in support of the charge was offered by the State, including the results of a breathalyzer test which indicated that defendant's blood contained 0.15% alcohol at the time the test was administered shortly after defendant was arrested. The jury returned a verdict of guilty and from judgment imposed thereon defendant appealed.

*Robert Morgan, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Arnold L. Young and Franklin Smith for defendant appellant.*

GRAHAM, J.

The record indicates that during the solicitor's argument to the jury the following transpired:

"MR. SMITH: [Defense counsel] I object to Mr. Moore's argument in that he is arguing to the jury that the fact that the other people have come into court and pled guilty this week is an indication that the officers do a good job, with — — —

BY THE COURT: — — — I believe you all brought that out in your own argument. OVERRULED. EXCEPTION.

MR. MOORE: [The Solicitor] I will just withdraw it.

BY THE COURT: Let the record show that the defendant's attorney in the argument to the jury argued that all the other cases which have been tried this week it was brought out that the breathalyzer indicated a greater amount than the present case, in fact they argued that they were all .29, .30, when in fact some were .18 and .19, as I recall .19, and that was not objected to by the State. Proceed with the argument, Mr. Moore."

[1] Although the jury arguments of counsel are not set forth in the record, the above colloquy indicates that both the solicitor and counsel for defendant argued to the jury about matters outside the record. "Arguments to a jury should be fair and based on the evidence or on that which may be properly inferred from the case." *State v. Miller,* 271 N.C. 646, 659, 157 S.E. 2d 335; *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802. Ordinarily, the argument of counsel outside the record will be cured by the court's action promptly sustaining objection to the argument and cautioning the jury not to consider it. *Highway Commission v. Pearce,* 261 N.C. 760, 136 S.E. 2d 71; 7 Strong, N.C. Index 2d, Trial, § 11.

**[2]**   Here it appears the court sought to cure the transgression of defense counsel by refuting his improper argument rather than by charging the jury not to consider it. In commenting that his own recollection was that breathalyzer results introduced in other cases indicated .18 and .19, rather than higher as argued by defendant, the court inadvertently made an argument for the State. "The slightest intimation from a judge as to the strength of the evidence . . . will always have great weight with a jury, . . ." *State v. Ownby,* 146 N.C. 677, 678, 61 S.E. 630. The court's statement could very well have intimated to the jury that in the court's opinion the State's breathalyzer evidence was strong when compared with similar evidence in other unrelated cases. This was error. The jury should not have been encouraged in any way to compare the extent of defendant's intoxication with that of other defendants who had been tried earlier in the court session.

**[3]**   Evidence that had been introduced in other cases was irrelevant and incompetent and the jury should have been instructed unequivocally not to consider the arguments of defense counsel or the solicitor as to what the evidence was in other cases, how successful the officers had been in similar cases, or how other defendants had pleaded to similar charges. See *Highway Commission v. Pearce, supra,* wherein an improper argument to the jury about the success of an appraiser for the Highway Commission in other cases, which was not in evidence, was held cured by prompt objection and jury instruction not to consider said argument.

**[4]**   Defendant strenuously contends that he was unduly restricted in his cross-examination of the arresting officer. The record indicates that the trial judge ruled that the officer could not be questioned on cross-examination regarding *any* statement made by defendant at the time of the arrest unless the defendant first took the stand and testified. The court stated: "Nothing that the defendant said is admissible in evidence at this time, and I don't want any further questioning about it." We agree that such a general ruling by the trial court was too restrictive. Testimony of the arresting officer on direct examination tended to show that defendant's mental and physical faculties were substantially impaired. Defendant should have been permitted to cross-examine the officer regarding statements made by the defendant at the time of the arrest, if for no other purpose than to attempt to show that defendant talked intelligently and was in control of his mental faculties.

New trial.

BROCK and BRITT, JJ., concur.