IN THE MATTER OF THE WILL OF CARY T. HOLLAND, DECEASED

No. 7314SC11

(Filed 25 October 1972)

Wills § 22— caveat proceeding — mental capacity — consideration of physician's testimony — instructions

> The trial court in a caveat proceeding erred in instructing the jury that it could attach more importance to a physician's testimony as to testator's mental capacity than to the testimony of another witness without requiring that the jury first find that the physician's testimony was based on his personal observation and knowledge. G.S. 1A-1, Rule 51.

APPEAL by caveators from *Webb, Judge,* 20 March 1972 Session of Superior Court held in DURHAM County.

Issue of *devisavit vel non* arose upon caveat to the attested document, dated 22 January 1958, presented for probate as the will of Cary T. Holland, who died 31 January 1970. The sole grounds of caveat was that at the time of execution of the document the testator lacked testamentary capacity by reason of old age, disease, and mental infirmity. Upon the trial the caveators called and were permitted to examine as a hostile witness Dr. D. R. Perry, who testified that he had attended testator as his personal physician from 1955 until his death in 1970. The parties stipulated and the court found Dr. Perry to be an expert in internal medicine. On cross-examination by propounders, Dr. Perry testified that in his opinion the testator did have sufficient mental capacity at the time he executed the document offered for probate to know the persons who were the natural objects of his bounty and to know the nature and extent of his property. A number of other witnesses, presented both by caveators and by propounders, testified to facts relevant to the issue of testator's mental capacity.

The jury answered issues in favor of the propounders, finding that Cary T. Holland at the time of execution of the document offered for probate did have sufficient mental capacity to make a will. From judgment on the verdict admitting the will to probate in solemn form, caveators appealed, assigning as errors various portions of the court's instructions to the jury.

*Murdock & Jarvis by Jerry L. Jarvis, Felix B. Clayton and Edward G. Johnson for propounders, appellees.*

*Powe, Porter & Alphin, P.A. by James G. Billings for caveators, appellants.*

PARKER, Judge.

Appellants except and assign error to the following in the court's charge to the jury:

"The propounders have offered Dr. Perry's opinion that in his opinion he did have sufficient mental capacity to know the nature and extent of his property and who were the natural objects of his bounty, and the effect of his act in making a Will thereby disposing of his property.

"In connection with Dr. Perry's testimony, I will instruct you that you can give some importance to his opinion, perhaps more than you would to another witness, because he is a doctor, although again you are the triers of the facts and not the witness—even an expert witness. So after listening to Dr. Perry's testimony—you are not bound by it, however, you can give some weight to the facts that he was a doctor who was expressing an opinion."

In giving this instruction the judge invaded the province of the jury and violated the prohibition of G.S. 1A-1, Rule 51(a), that in charging the jury "no judge shall give an opinion whether a fact is fully or sufficiently proved, that being the true office and province of the jury." It has long been an established principle in the jurisprudence of this State that "[t]he slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial." *State v. Ownby,* 146 N.C. 677, 61 S.E. 630.

Propounders cite *Flynt v. Bodenhamer,* 80 N.C. 205, to sustain the charge in this case. In that case the trial judge instructed the jury that "the law likewise attaches peculiar importance to the opinion of medical men *who have the opportunity of observation* upon a question of mental capacity, as by study and experience in the practice of their profession they become experts in the matter of bodily and mental ailments." (Emphasis added.) In finding no error in this instruction under the evidence which had been presented in that case, our Supreme Court said:

> "But the opinion of a well instructed and experienced medical man upon a matter within the scope of his profession, *and based on personal observation and knowledge,* is and ought to be carefully considered and weighed by the jury in rendering their verdict; *and this substantially is the comment of the court."* (Emphasis added.)

In the later case of *In re Peterson,* 136 N.C. 13, 48 S.E. 561, our Supreme Court was careful to confine the holding of *Flynt v. Bodenhamer* to cases in which the witness was testifying from personal knowledge and observation. The trial judge in the case now before us failed to note this limitation. While Dr. Perry's testimony in the present case would fully warrant a jury finding that his opinion was based on his personal observation and knowledge of Mr. Holland, it was for the jury, not for the court, to make such a determination. The trial judge here did not leave that determination to the jury, but by applying to the evidence in this case the principle of *Flynt v. Bodenhamer* simply assumed that it had been fully and sufficiently proved as a fact that the witness had personally observed the testator and that his opinion as to the testator's mental capacity was based on his personal observation and knowledge. In so doing the trial judge violated G.S. 1A-1, Rule 51(a).

We do not find it necessary to pass upon appellants' remaining assignments of error, all of which are directed to the charge and some of which appear to have merit. For the error noted above there must be a

New trial.

Judges CAMPBELL and MORRIS concur.