STATE HIGHWAY COMMISSION v. SARAH CLICK FERRY AND HUSBAND, ALAN L. FERRY; NANCY CLICK DILLON AND HUSBAND, HENRY E. DILLON; GENE CLICK HEYWOOD AND HUSBAND, WILLIAM F. HEYWOOD

No. 7317SC562

(Filed 12 September 1973)

1. Eminent Domain § 7— condemnation proceeding — failure of court to limit instruction — error

In a condemnation proceeding where the landowners' witness testified with respect to property values and then made an incompetent statement to which Highway Commission counsel objected, the trial court erred in instructing the jury to "Disregard what he said about the values when you weigh and consider the matter before you," since this instruction was not limited to the objectionable testimony but was permitted to apply to all of the testimony from the witness pertaining to property values.

2. Eminent Domain § 7; Trial § 36 — condemnation proceeding — instruction on weight to be given evidence — error

The trial court in a condemnation proceeding erred in its charge to the jury where it placed an emphasis upon the type of witnesses appearing on behalf of the Highway Commission as contrasted to the laymen who testified on behalf of the landowners and where the court instructed the jury to consider the training, experience, knowledge and ability of various value and appraisal witnesses in determining what weight to give their testimony.

APPEAL by defendants from Kivett, Judge, 5 February 1973 Session, Superior Court of SURRY County.

This was a condemnation proceeding wherein the plaintiff, under its right of eminent domain, sought to acquire a fee simple interest in a portion of the property belonging to the defendants

and likewise a perpetual construction easement in a portion of said property.

The property was located in the downtown area in the Town of Elkin and consisted of several acres with a total area of 57,957 square feet. The portion taken consisted of 16,999 square feet and the construction easements contained 883 square feet with the result that the property owners retained 40,075 square feet. There was located on the property an old ante-bellum, two-story frame home built in the year 1855 and in an excellent state of preservation. In connection with the home there were two outbuildings, one being an automobile garage and the other what had formerly been a stable but now converted into a shed. Both of the two outbuildings were in the portion taken. The new highway came within some six to eight feet of the rear of the home. Before the taking the property had a frontage of approximately 106 feet on West Main Street. There was no other street frontage, but there was a 16-foot, paved driveway that extended into the property from Main Street with a turn-around area in the back. The new highway would give access to the remaining property along the rear property line and would leave the access on West Main Street as it had previously been.

The jury found that the benefits to the remaining property were equal to, if not greater than, the value of the property which was taken; and the result was that the property owners received no damages. From a judgment entered upon the jury verdict awarding no damages, the property owners appealed.

*Attorney General Robert Morgan by Assistant Attorney General H. A. Cole, Jr., for the plaintiff appellee, State Highway Commission.*

*Allen, Henderson and Allen by W. Marion Allen and H. F. Henderson; and Folger and Folger by Fred Folger, Jr., for defendant appellants.*

CAMPBELL, Judge.

The thrust of this appeal is to the effect that when considered in its entirety, the trial judge interjected his weight and position into the trial and did not remain a completely neutral arbiter between the parties so that the jury was influenced in favor of the Highway Commission and against the landowners. This position is supported by numerous exceptions and assignments of error.

It may well be that no different result will obtain but, nevertheless, we are inclined to agree with the position taken by the landowners and we accordingly award a new trial.

[1]    The witnesses, on behalf of the landowners, were not full-time real estate dealers, brokers and appraisers. They were laymen; whereas, those witnesses who testified on behalf of the Highway Commission were full-time real state dealers, brokers and appraisers and so-called "professional" witnesses. A Mr. Norman testified on behalf of the landowners as to his familiarity with the property in question and his background and real estate transactions over the years. He gave his opinion as to the value of the property prior to the taking as contrasted with the value after the taking and came up with a difference of $51,452.00. He then attempted to explain as to how he arrived at the figures that he used, and in doing so referred to another home built near this property some twelve to fourteen years ago and stated, "It was about a $40,000 to $45,000 residence." There had been no showing of similarity or other foundation laid to make this competent. The Highway Commission attorney entered an objection and thereupon the court stated: "Disregard what he said about the values when you weigh and consider the matter before you." This instruction by the trial judge to the jury was not limited to the objectionable testimony and was permitted to apply to all of the testimony from this witness pertaining to the values. This was error.

Again, when a Mr. Chappell, who testified on behalf of the Highway Commission, was being cross-examined by Mr. Allen on behalf of the landowners, he was being questioned as to his familiarity with the property and particularly with reference to the landscaping, shrubbery, etc. The following appears in the record:

". . . I made an appraisal on the property on the basis of its highest and best use and its highest and best use being commercial property and commercial properties don't normally recognize plants and trees and so forth. I know that they are used as offices.

COURT: You are saying if it was utilized for its highest and best use they could not contemplate the plants and structures in there?

A. They could not have if they are going to use the property for commercial purposes.

Highway Comm. v. Ferry

ATTORNEY ALLEN: In other words, you say that to take a person's property and by eminent domain, that is to take it from people, that you had no need to put any value on any of the property taken or lost and that—

ATTORNEY COLE: He just answered that. ··

: COURT: Let him finish the question.

ATTORNEY ALLEN: And that should not be counted as anything at all? .

COURT: Objection is sustained. I believe that he explained—

ATTORNEY ALLEN: For commercial purpose because you appraised for commercial purpose? ·

COURT: You explained did you not that you were. commissioned to arrive at a fair market value, in your opinion, immediately before and after?

A. Yes, sir.

: COURT: And in arriving at this value you considered the highest and best use and therefore the maximum value would be in terms of utilizing the property for commercial purpose?

· A. Yes, sir.

COURT: And therefore you could not contemplate keeping the property in its present state and at the same time treat it as if for commercial purposes?

A. That is right. ·

COURT: So, in the light of that you did not consider the trees and the shrubs?

A. They were considered but they were not of value when you consider the land being adapted to commercial purposes.

ATTORNEY ALLEN: And you did not consider the taking away of about 28% of the property?

A. My instructions were to make an appraisal of the property before the taking and make an appraisal of the remainder after the taking.

COURT: Inasfar as answering that question, you did take into consideration the entire area before and then you considered afterwards the diminution or reduction in size and you still came to the figure that you gave?

A. Yes, sir."

[2] Again in the court's charge to the jury we find an emphasis placed upon the type of witnesses appearing on behalf of the Highway Commission as contrasted to the laymen who testified on behalf of the landowners. The court stated in its charge:

"Now, at this point I want to instruct you that there are witnesses who are termed value or appraisal witnesses. In a suit such as this value or appraisal witnesses are those that by reason of their training, experience, knowledge and ability, have special qualifications in that particular field in this case having to do with real estate values and in this case you have heard the testimony of various real estate appraisers, both professional and others that have dealt in real estate on their own behalf. In weighing the testimony of these witnesses, you should consider their training, experience, knowledge and ability, and you may give to their testimony and opinions such weight as you reasonably believe that the testimony is entitled to."

The requirement in North Carolina that a trial judge shall refrain from in any way intimating his opinion to the jury has been before the appellate courts innumerable times. Sometimes it has been held that the participation of the trial judge in the trial is not prejudicial as in *Andrews v. Andrews,* 243 N.C. 779, 92 S.E. 2d 180 (1956). In other cases it has been held to be prejudicial. While G.S. 1A-1, Rule 51(a) refers to the judge's charge, nevertheless, the admonition has always been construed to forbid the judge to convey to the jury in any manner at any stage of the trial his opinion on the facts in evidence. *In Re Will of Bartlett,* 235 N.C. 489, 70 S.E. 2d 482 (1952).

In *Upchurch v. Funeral Home,* 263 N.C. 560, 140 S.E. 2d 17 (1965), Justice Moore states:

"The slightest intimation from the judge as to the weight, importance or effect of the evidence has great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by any ex-

pression from the bench which is likely to prevent a fair and impartial trial. *State v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29; *State v. Ownby,* 146 N.C. 677, 61 S.E. 630. 'Every suitor is entitled by law to have his cause considered with the "cold neutrality of the impartial judge" and the equally unbiased mind of properly instructed jury. This right can neither be denied nor abridged.' *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855."

The error of the court in not adhering to this well-settled doctrine requires that another trial be awarded.

New trial.

Judges HEDRICK and VAUGHN concur.