STATE v. CHARLES JOHNSON.

(Filed 23 October, 1918.)

1. **Homicide — Deadly Weapon — Malice — Presumption — Courts— Verdict Directing—Trials.**

Evidence that the prisoner killed the deceased with a deadly weapon, in this case, by striking him with the barrel part of a double-barreled gun, raises a presumption of malice, which he must justify by showing matters in mitigation or excuse; and an answer of acquittal on an issue as to murder·in the second degree may not be directed thereon by the court.

2. **Homicide—Threats—Evidence—Trials.** ·

Threats made by one accused of homicide, though uttered while under arrest, are admissible as evidence on the trial, when they were voluntarily made, or without threat, compulsion, or inducement.

3. **Same—Threats—Motive.**

Testimony of continuous. and repeated threats made by the prisoner on trials for a homicide, against the deceased, up to six months before its commission, and of a feud between them, growing out of a dispute over certain lands, of some years duration, are competent evidence as to motive, upon the trial.

4. **Same—Feud—Possession of Lands.**

Where a feud over lands existed between the prisoner upon trial for a homicide and the deceased, a witness may testify that the prisoner was in possession of the land, upon the question of motive, such testimony not being objectionable as an expression of a legal inference.

INDICTMENT for murder, tried before *Devin, J.,* at May Term, 1918, of CUMBERLAND.

Defendant was convicted and sentenced for murder in second degree, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Sinclair & Dye and Rose & Rose for defendant.*

BROWN, J. It appears in evidence that defendant, with his wife and little son, drove out to a tract of land belonging to him, to gather wood and straw. In the wagon he carried an unloaded shotgun. Defendant

met his brother, who had an axe in his hands, apparently drawn on defendant, who went to his wagon and took out the shotgun. There was an altercation, in which defendant struck the deceased, John Henry Johnson, on the head with the gun barrel, from which blow he died shortly after.

1. The motion of defendant to direct a verdict for defendant was properly overruled.

The defendant admitted that he had an altercation with deceased, in which he hit deceased in the head with the barrel of a double-barreled shotgun (unquestionably a deadly weapon, even when used in that manner) and killed him.

It is true there is much evidence upon part of defendant that deceased was attacking him with a drawn axe, and that he struck in self-defense, but it is well settled in this State that when the killing with a deadly weapon is proven or admitted, the burden of proof shifts to the defendant, and he must justify the homicide by satisfying the jury as to any matters of mitigation or excuse. If he fails to so satisfy the jury, they should convict him of murder in second degree, as the law implies malice from the use of the deadly weapon. *S. v. Brittain,* 89 N. C., 481; *S. v. Davis,* 175 N. C., 728.

Applying this established rule, the court could not direct a verdict for defendant, as he was tried only for murder in second degree, and not for the capital felony. The misfortune of defendant is that the jury seems not to have credited his version of the affair.

The remaining assignments of error are directed to matters of evidence.

2. The declarations of defendant while under arrest were properly admitted.

There is nothing in the record indicating that the declarations admitted were induced by threats or any kind of compulsion or inducement. They appear to have been entirely voluntary upon part of defendant. The fact that he was in custody of an officer does not alone render them incompetent. *S. v. Bowden,* 175 N. C., 794.

3. The defendant objected to evidence of threats against deceased, made by defendant at various dates, varying from six months to two years before the killing.

We might hesitate to admit evidence of threats to kill the deceased, made two years before the homicide, if they stood alone, without evidence of intermediate and recurring threats, although threats made twelve months prior were admitted in *S. v. Howard,* 82 N. C., 624, without evidence of continuing threats. In this case there is evidence of continuing and repeated threats up to six months before the homicide, as well as evidence of a standing feud of some years duration between the

deceased and defendant, growing out of a dispute over certain land.

Under such circumstances, we think the evidence was properly admitted. 6 Ency. of Evidence, 631.

4. The following evidence was excepted to:

Q. "Who was in possession of the two tracts of land, or who claimed them?" A. "John Henry Johnson was in possession of some on either side."

It was competent to prove the facts concerning the dispute as to the possession and ownership of the land to show motive for the homicide. This method of proving possession has been sustained by this Court in a learned opinion by *Justice Shepherd* in *Bryan v. Spivey,* 109 N. C., 67, and the very question asked on this trial approved.

As said by the learned Assistant Attorney-General in his argument: "Possession is a collective fact, the result of the witness' observation and knowledge, and is not really an expression of opinion. Testimony such as this is admissible, with its weight in a particular case to be tested by cross-examination."

The law is very clearly expressed in *Rand v. Freeman,* 1 Allen, 517: "A witness was asked, 'Did you take possession of the property?' The question was objected to, as incompetent to prove possession. The court said, 'It is objected that the question was illegal, because possession consists partly of law and partly of fact. But it is a sufficient answer to this to say that the word is often used merely in reference to the fact, and the defendant could have protected himself from all prejudice by cross-examination.' "

We have examined the remaining exceptions to evidence, and think they are without merit and need not be discussed.

No error.