STATE v. DEXTER McNEILL.

(Filed 29 March, 1950.)

**Criminal Law § 50d—**

In this prosecution of defendant for willful failure to support his illegitimate child, the action of the court, in the presence of the jury, in ordering the sheriff to take defendant's witness into custody immediately after the witness had testified for defendant that he had had intercourse with prosecutrix, must be held for prejudicial error as disparaging or impeaching the credibility of the witness in the eyes of the jury. G.S. 1-180.

APPEAL by defendant from *Rudisill, J.,* December Term, 1949, of CALDWELL.

Criminal prosecution on warrant dated 1 August, 1949, charging the defendant with willful neglect and refusal to provide medical attention for the birth of an illegitimate child begotten by him upon the body of Madge Bolick and refusing to support said illegitimate child after its birth, 25 June, 1949.

The defendant entered a plea of not guilty, denying paternity and any liability for the support of the subject child. There was evidence from the prosecutrix tending to support the allegations of the warrant.

The defendant offered a witness, Lloyd Teasley, who testified that he had sexual intercourse with the prosecutrix five or six times during the year 1948, but that he didn't think he was the father of her child.

Immediately upon leaving the witness stand and in the presence of the jury, the judge ordered the sheriff "to take the witness Teasley into his custody," without assigning any reason therefor. Objection by defendant.

Verdict: Guilty.

Judgment: Six months on the roads, suspended on conditions stated.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody and Walter F. Brinkley, Member of Staff, for the State.*

*Max C. Wilson and Hal B. Adams for defendant.*

STACY, C. J. The principal question for decision is whether the court prejudiced the defendant's case by ordering his witness into custody in the presence of the jury without assigning any reason therefor.

It is freely conceded that the court may not impeach or disparage the testimony of a material witness for the defendant in a criminal prosecution. The authorities are to the effect that no judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a

witness or to impeach his credibility. G.S. 1-180; *S. v. Perry, ante,* 467; *S. v. Cantrell,* 230 N.C. 46, 51 S.E. 2d 887; *S. v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378; *S. v. Auston,* 223 N.C. 203, 25 S.E. 2d 613; *S. v. Buchanan,* 216 N.C. 34, 3 S.E. 2d 273; *S. v. Winckler,* 210 N.C. 556, 187 S.E. 792; *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388; *S. v. Bryant,* 189 N.C. 112, 126 S.E. 107; *Morris v. Kramer,* 182 N.C. 87, 108 S.E. 381; *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855; *S. v. Dick,* 60 N.C. 440.

Undoubtedly, the jury must have concluded that the court thought the witness was guilty of perjury or of criminal relations with a female juvenile, either of which, we apprehend, was calculated to weaken his testimony in the eyes of the jury. *S. v. Swink,* 151 N.C. 726, 66 S.E. 448, 19 Ann. Cas. 422. There is no suggestion of any contumacy on the part of the witness. *S. v. Slagle,* 182 N.C. 894, 109 S.E. 844; *Seawell v. R. R.,* 132 N.C. 856, 44 S.E. 610; 53 Am. Jur. 82. Nor do we think the later instruction to the jury to banish the incident from their minds cured the defect. *S. v. Winckler, supra; S. v. Bryant, supra; Morris v. Kramer, supra;* 53 Amr. Jur. 85.

Presumably, the verdict is sufficient in form to fix the paternity of the child. *S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9. As to this, however, we express no opinion since the case is to be sent back. *S. v. Spillman,* 210 N.C. 271, 186 S.E. 322.

New trial.