## STATE v. CALVIN FOSTER McBRYDE.

(Filed 20 June, 1967.)

**Criminal Law § 94—**

As one of defendant's chief witnesses stepped down from the witness stand, the court audibly told the witness in the presence of the jury not to leave the courtroom, and shortly thereafter the witness was placed in custody in the prisoner's box in plain view of the jury. *Held:* The incident must have resulted in weakening the testimony of the witness in the eyes of the jury and constitutes a violation of G.S. 1-180.

APPEAL by defendant from *Bailey, J.,* 21 November 1966 Criminal Session of HOKE.

Defendant was charged with driving a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquors.

At trial, the evidence for the State tended to show that on 27 January 1966, at approximately 8:20 P.M., Highway Patrolman Joe Stanley was driving north on U. S. 401 in Hoke County and saw a 1965 Ford pickup truck approaching him from the opposite direc-

tion. Patrolman Stanley testified that he observed the truck cross the center line into his lane of traffic, then swerve back to the right, go off the shoulder and into a ditch, so that the right side of the truck was leaning against the ditch in such a manner that the right-hand door could not be opened. He testified that he stopped parallel to the truck, and at that time defendant came out of the driver's side of the truck and was staggering. Thereafter, the patrolman took defendant to jail where he administered certain tests on defendant to determine whether defendant was intoxicated. He then advised defendant of his rights and asked him certain questions contained on the back of a test form. Patrolman Stanley testified that in his opinion defendant was under the influence of some intoxicating liquor.

Allen Parker testified for defendant. His testimony tended to show that at the time in question he was driving the truck, and that defendant was riding as a passenger and had not driven since 5:00 P.M. that day. He stated that he was driving down the road, which was icy and slick, making driving difficult, and that a chain on one of the tires came off, causing the truck to swerve into the ditch. Immediately thereafter, he went back up the road to his brother's house to awaken him, and while on the way he noticed a highway patrol car come down the road, turn around in his brother's driveway, and go back to the truck. When he left his brother's house and went back to the truck, no one was in it.

Mrs. Calvin Foster McBryde, a witness for defendant, testified that when she left her driveway on U. S. 401 she observed Patrolman Stanley, and that she followed him in her car as he passed her husband's truck lying in the ditch. She stated she saw Mr. Stanley drive into Mr. Parker's brother's driveway and then turn around and head back towards the truck. She further testified that she did not see the patrolman park his car parallel to the truck.

The jury returned a verdict of guilty, and from judgment imposed thereon defendant appealed.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*

*Seawell & Seawell & Van Camp for defendant.*

BRANCH, J. Defendant contends that the court gave an expression of opinion as to the credibility of defendant's witness Allen Parker. This assignment of error is based on facts which appear in the record, as follows: As Mr. Parker was stepping down from the witness stand, having completed his testimony, the court stated to

him, "Don't leave the room, Mr. Parker." The following also appears in the record:

> "During the argument of counsel for the defendant to the jury, the Judge, while sitting upon the bench and while Court was in session, had a short conversation with the Sheriff of Hoke County, which conversation was heard only by the Sheriff and the Judge, and immediately thereafter the Sheriff of Hoke County left the courtroom and took said Allen Parker into custody outside the courtroom, and walked the said Allen Parker back to the courtroom under custody and placed him in the prisoner's box, all in the presence of the jury. That the prisoner's box is located on the opposite side of the courtroom and directly in front of the jury."

This Court has long recognized the strong influence which a judge may wield over a jury. "The Judge should be the embodiment of even and exact justice. He should at all times be on the alert, lest, in an unguarded moment, something be incautiously said or done to shake the wavering balance which, as a minister of justice, he is supposed, figuratively speaking, to hold in his hands. Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged." *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855. See also *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481.

"It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury." *State v. Hart,* 186 N.C. 582, 120 S.E. 345.

In the case of *State v. McNeill,* 231 N.C. 666, 58 S.E. 2d 366, the defendant was prosecuted for wilful failure to support his illegitimate child, and as a part of his defense offered a witness who testified that he had on several occasions had intercourse with the prosecuting witness. Immediately after he had testified, the court ordered the sheriff to take the witness into custody. Holding that this was prejudicial error as impeaching the credibility of the witness in the eyes of the jury, the Court, speaking through Stacy, C.J., stated:

> "Undoubtedly, the jury must have concluded that the court thought the witness was guilty of perjury or of criminal relations with a female juvenile, either of which, we apprehend, was calculated to weaken his testimony in the eyes of the jury. *S.*

*v. Swink*, 151 N.C. 726, 66 S.E. 448, 19 Ann. Cas. 422. There is no suggestion of any contumacy on the part of the witness. *S. v. Slagle*, 182 N.C. 894, 109 S.E. 844; *Seawell v. R. R.*, 132 N.C. 856, 44 S.E. 610; 53 Am. Jur. 82. Nor do we think the later instruction to the jury to banish the incident from their minds cured the defect."

In the case of *State v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568, two of defendant's witnesses were arrested in the presence of some members of the jury during noon recess of court. When court resumed, the witnesses were brought into court in custody. The Court held that this was prejudicial error and ordered a new trial. See also *State v. Wagstaff*, 235 N.C. 69, 68 S.E. 2d 858.

The State contends that since the court did not audibly order the witness into custody in the presence of the jury, there was no prejudicial error.

The State correctly contends that the circumstances of the case determine whether it is prejudicial to defendant for the trial court to order a witness into custody in the presence of the jury. *State v. Wagstaff, supra*. It is not necessary that the trial judge audibly in so many words order the witness into custody. Here, the witness Parker was told by the trial judge not to leave the courtroom, and shortly thereafter he was placed in custody in the prisoner's box in plain view of the jury. Parker was defendant's chief witness as to his principal defense. The words of the trial judge, coupled with his conference with the sheriff and the ensuing action by the sheriff in placing the prisoner in custody would unerringly lead the jury to the conclusion that the witness was guilty of perjury or of some other crime, which could only result in weakening his testimony in the eyes of the jury.

The able and conscientious trial judge has inadvertently violated the provisions of G.S. 1-180, and we do not think his later instructions removed the prejudicial error. *State v. McNeill, supra*.

Since there must be a new trial, we do not deem it necessary to discuss the other assignments of error as they may not arise on another trial.

New trial.