STATE OF NORTH CAROLINA v. EDNA ROYSTER BARNES AND SIMS MARSH

No. 6926SC64

(Filed 30 April 1969)

1. Criminal Law § 98— witness taken into custody by court order

If a witness is taken into custody during the course of the trial under such circumstances as to lead the jury to the conclusion that the judge was of the opinion that the witness was guilty of perjury, such action constitutes prejudicial error as being an expression of opinion by the court as to the credibility of the witness.

2. Criminal Law § 98— defendants taken into custody during trial by court order

In this prosecution for breaking and entering and larceny, the trial court properly denied defendants' motion for a new trial made on the ground that during the progress of the trial the defendants were taken into custody by order of the court where the record shows that defendants were taken into custody outside of the presence of any member of the jury and during the noon recess, nothing in the record indicates that the trial judge said or did anything in the presence of any member of the jury which would inform the jury that defendants had been placed in custody by court order, there is nothing in the record to show that the jury heard or observed anything from which they could gain the impression that the trial judge was indicating any opinion as to defendants' guilt, and defendants did not take the stand at the trial.

3. Criminal Law § 98— custody of accused during trial

The trial court has the inherent power to assure itself of the presence of the accused during the course of the trial, and for this purpose has

the discretion to direct that an accused previously free under bond be taken into custody during the trial, subject to the limitation that this must not be done in such manner or under such circumstances as to convey to the jury the impression that the court is expressing an opinion as to the probable guilt of the accused or as to his credibility if he becomes a witness.

**4. Criminal Law §§ 155.5, 159— failure to comply with Rules — dismissal of appeal**

The appeal is subject to dismissal where the record on appeal was not docketed within the time prescribed by Rule 5 and there is no appendix to appellants' brief as required by Rule 19(d)(2).

**5. Criminal Law § 154— appeals by codefendants — one record on appeal**

Codefendants appealing from the same judgment and trial should file only one record on appeal in the Court of Appeals unless valid reason appears for filing separate records.

APPEAL by defendants from *Falls, J.,* 5 August 1968, Schedule "A" Criminal Session of MECKLENBURG Superior Court.

The two defendants, Barnes and Marsh, were jointly tried with one Thomas Garnett on their pleas of not guilty to a single bill of indictment which charged all three defendants with (1) felonious breaking and entering and (2) felonious larceny. The jury found all defendants guilty as charged. From judgment sentencing each defendant to prison for a term of ten years on the first count and for not less than nine nor more than ten years on the second count, all defendants appealed, assigning errors.

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Peter A. Foley for defendant appellants.*

PARKER, J.

Reference is made to the opinion of this Court filed this date in *State v. Garnett,* which was an appeal by a codefendant from judgment entered in the same trial. Insofar as appellants Barnes and Marsh make the same assignments of error as were made in the *Garnett* appeal, we find no prejudicial error for the reasons stated in that opinion.

[2] In addition to the assignments of error which were made in the *Garnett* appeal, the appellants Barnes and Marsh assign as error the refusal of the trial court to grant their motion for a new trial made on grounds that, during the progress of the trial, the two de-

fendants involved in this appeal had been taken into custody by order of the court. Appellants contend that thereby they had been prejudiced in the eyes of the jury, citing *State v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568, and *State v. McNeill,* 231 N.C. 666, 58 S.E. 2d 366.

In *State v. Simpson, supra,* the defendant and two of his witnesses were taken into custody in the courtroom in the presence of some members of the jury during noon recess of court. When court resumed, the jury being in the box, the defendant and his two witnesses were brought into the courtroom in custody of the sheriff. Later in the day the court instructed the solicitor to draw indictments against the defendant and his two witnesses for perjury. On appeal, a new trial was ordered because of the impeachment by the court of the defendant's testimony and that of his witnesses. The opinion of the Supreme Court stated that "(t)his was done, first, by ordering the defendant and his two witnesses into custody during the trial, which action by the court came to the attention of the jury trying the case, . . . and, secondly, by the manner in which the court's charge was given to the jury." In *State v. McNeill, supra,* immediately after a witness for the defendant had testified, the court ordered the sheriff to take the witness into custody. This was held to be prejudicial error as impeaching the credibility of the witness in the eyes of the jury.

In *State v. McBryde,* 270 N.C. 776, 155 S.E. 2d 266, as one of the defendant's chief witnesses stepped down from the witness stand, the court, in the presence of the jury, audibly told the witness not to leave the courtroom. Subsequently, during argument of counsel to the jury, the judge while sitting upon the bench had a conversation with the sheriff, heard only by the sheriff and the judge, and immediately thereafter the sheriff left the courtroom and took the witness into custody outside the courtroom, brought him back into the courtroom under custody, and placed him in the prisoner's box in the presence of the jury. On appeal, this was held to be prejudicial error entitling defendant to a new trial. The court, in an opinion by Branch, J., said:

> "The State correctly contends that the circumstances of the case determine whether it is prejudicial to defendant for the trial court to order a witness into custody in the presence of the jury. *State v. Wagstaff, supra.* It is not necessary that the trial judge audibly in so many words order the witness into custody. Here, the witness Parker was told by the trial judge not to leave the courtroom, and shortly thereafter he was placed

in custody in the prisoner's box in plain view of the jury. Parker was defendant's chief witness as to his principal defense. The words of the trial judge, coupled with his conference with the sheriff and the ensuing action by the sheriff in placing the prisoner in custody would unerringly lead the jury to the conclusion that the witness was guilty of perjury or of some other crime, which could only result in weakening his testimony in the eyes of the jury."

[1] These cases establish that if a witness is taken into custody during the course of the trial under such circumstances as to lead the jury to the conclusion that the judge was of the opinion that the witness was guilty of perjury, such action constitutes prejudicial error as being an expression of opinion by the court as to the credibility of the witness.

[2] In the present case the only reference in the record which indicates that the appellants were placed in custody during the course of the trial is contained in the statement of their counsel made to the court as the basis for the motion for a new trial and in the court's response to that motion. This clearly discloses that the appellants had been taken into custody outside of the presence of any member of the jury and during the noon recess of court. Nothing in the record indicates that the trial judge said or did anything in the presence of any member of the jury which would inform the jury that the appellants had been placed in custody by an order of the court. It is not unusual for defendants in criminal cases to be in custody while they are being tried. It is not even clearly evident from the present record that the jury was ever aware that appellants had been placed in custody. Certainly nothing in the record justifiably supports the conclusion that the jury heard or observed anything from which they could gain the impression that the trial judge was indicating any opinion as to the guilt of the appellants.

[3] It should also be noted that the appellants elected not to take the stand. Therefore no question as to their credibility was presented. It is recognized that the court has inherent power to assure itself of the presence of the accused during the course of the trial. For this purpose the trial judge has discretion to direct that an accused previously free under bond be taken into custody during the course of the trial. State v. Mangum, 245 N.C. 323, 96 S.E. 2d 39. The only limitation is that this must not be done in such manner or under such circumstances as to convey to the jury the impression that the court is expressing an opinion as to the probable guilt of the accused or as to his credibility if he becomes a witness. Nothing in

the record would indicate that this occurred during the trial here under review. Since the record is barren of the reasons which prompted the court's action in ordering appellants into custody, there is no basis for any contention, and appellants make none, that the court abused its discretion.

**[4, 5]** The judgment here appealed from was entered 13 August 1968. The record on appeal was docketed in this Court on 25 November 1968. No order extending the time to docket the appeal appears in the record. Rule 5 of the Rules of the Court of Appeals. Evidence was submitted under Rule 19(d) (2). There is no appendix to appellants' brief. For failure to comply with the rules of this Court, this appeal is subject to dismissal. *State v. Garnett, supra.* Furthermore, no valid reason appears for filing by these appellants of a separate record on appeal from the same judgment and trial as was presented in the appeal by their codefendant Garnett. The unlimited right of appeal which our law grants to defendants sentenced in criminal proceedings and the provision by which the public must bear the expense of such appeals by indigent defendants, imposes on their court-appointed counsel the obligation to create no greater expense to the public in duplicating records and briefs than is reasonably required to protect the interest of their clients.

As in *State v. Garnett, supra,* we have not dismissed the present appeal but have considered it fully on its merits, and find

No error.

MALLARD, C.J., and BRITT, J., concur.