State v. Doby

STATE OF NORTH CAROLINA v. DAVID DOBY

No. 7326SC299

(Filed 9 May 1973)

1. **Criminal Law § 96— nonresponsive testimony — reason for going to arrest scene — instruction to disregard**

In a prosecution for possession of heroin, nonresponsive testimony by a police officer that officers went to the grill where defendant was arrested because an informant had told them that someone in the grill had heroin and nonresponsive testimony by another officer that officers were responding to some information received, *held* not prejudicial to defendant where the court sustained defense objections to such testimony by both officers and instructed the jury not to consider the first officer's answer, the second officer not having said enough to warrant a similar instruction.

2. **Criminal Law § 98— defendant in custody on second day of trial — no prejudice**

In this prosecution for possession of heroin, defendant was not prejudiced by the fact he was in custody on the second day of the trial whereas he had not been in custody on the first day, defendant having been arrested on an armed robbery charge at the conclusion of the first day of the trial, where defendant was taken into custody outside the presence of the jury, and no mention was ever made as to why he was in custody the second day.

APPEAL by defendant, David Doby, from *Hasty, Judge,* 1st week of 1 January 1973 Schedule "A" Regular Criminal Session of Superior Court held in MECKLENBURG County.

David Doby was charged with unlawful possession of heroin (Case No. 71CR65608) and unlawful possession of a "hypodermic syringe and needle for the purpose of administering habit-forming drugs . . . " (Case No. 71CR65609). The trial judge granted defendant's motion to dismiss Case No. 71CR65609.

The State's evidence tended to show that: At approximately 9:30 p.m. on 4 November 1971 three policemen entered the First Ward Grill on East Seventh Street in Charlotte. They had received information from an informant that someone then in the grill had some heroin. One of the officers, D. W. Young, walked to the far end of the establishment, looked in a rest room there, and then began to walk back the way he had come. He stopped to observe the occupants in some booths located along one wall. Defendant was seated with his back to Officer Young. Young testified: "At this particular time, I noticed Mr.

Doby had his left hand closed down beside him and I noticed him stick his hand down and open his fingers, and a package fell out on the floor underneath the table. I immediately walked to the table, reached down, picked up the package, and placed Mr. Doby under arrest for possession of heroin. While I was standing by the rest room, there was nothing blocking my view of Mr. Doby's hand." The package contained glassine packages and the contents were later positively identified as heroin. Defendant was searched and a syringe and needle were found on his person. Testimony was received from another officer which corroborated Officer Young's testimony.

Defendant did not offer evidence.

The jury found defendant guilty of unlawful possession of heroin as charged (Case No. 71CR65608), and he was sentenced to a term of not less than three nor more than five years.

*Robert Morgan, Attorney General, by Lester V. Chalmers, Jr., for the State.*

*Walter H. Bennett, Jr., for defendant appellant.*

BROCK, Judge.

[1] Defendant contends that " . . . on two occasions witnesses for the State [the investigating police officers] in nonresponsive answers to questions from the Solicitor gratuitously offered prejudicial evidence of information from third parties." He refers to questions which sought to establish why the police officers initially went to the grill. The first officer stated that an informant had told them that someone in the grill at that time had some heroin and the second officer just stated that they were responding to some information received. The judge properly sustained both defense objections. He instructed the jury not to consider and to completely disregard the first officer's answer. He did not repeat this admonition when the second officer responded to the solicitor's question but he did not allow the solicitor to pursue the point.

Defendant argues that these responses prejudiced his case and that the judge's reaction did not cure this prejudice. The Supreme Court has held that a statement of incompetent evidence by a witness may be rendered harmless if the trial judge promptly withdraws the evidence from the jury's consideration and instructs them to disregard it. *State v. Bruce*, 268 N.C.

---

State v. Doby

---

174, 150 S.E. 2d 216; *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193. The court here properly instructed the jury after the information was volunteered by the first officer and the second officer never did say enough to warrant another similar instruction by the judge.

[2] Defendant next contends that he was prejudiced in the eyes of the jury because he was in custody on the second day of the trial whereas he had not been on the first day. At the conclusion of the first day of the trial he was arrested and charged with an armed robbery which was unrelated to this action. He argues that because he was forced to enter the courtroom from a door used by prisoners and court officials and because he was directed by a uniformed deputy, who was holding his arm, he was then unable to receive a fair trial by an impartial jury. He was not handcuffed and no particular mention was ever made as to why he was in custody the second day.

*State v. Barnes,* 4 N. C. App. 446, 167 S.E. 2d 76 rejected an argument similar to the one posed here. Defendants there were taken into custody during the course of the trial by order of the court and they contended that they had been prejudiced in the eyes of the jury. They cited two cases *(State v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568 and *State v. McNeill,* 231 N.C. 666, 58 S.E. 2d 366) where the Supreme Court had held that the defendants had been prejudiced when they and some of their witnesses were taken into custody during the trial. Judge Parker distinguished these two cases by saying: "These cases establish that if a witness is taken into custody during the course of the trial under such circumstances as to lead the jury to the conclusion that the judge was of the opinion that the witness was guilty of perjury, such action constitutes prejudicial error as being an expression of opinion by the court as to the credibility of the witness." *State v. Barnes, supra* at 449. The reasoning of *Simpson* and *McNeill* does not support defendant's argument.

The analogy between the *Barnes* case and the case before us is a strong one. In both cases the record indicated that the defendants were taken into custody outside the presence of the jury. Judge Parker comments that "[i]t is not unusual for defendants in criminal cases to be in custody while they are being tried. It is not even clearly evident from the present

record that the jury was ever aware that appellants had been placed in custody. Certainly nothing in the record justifiably supports the conclusion that the jury heard or observed anything from which they could gain the impression that the trial judge was indicating any opinion as to the guilt of the appellants.

"It should also be noted that the appellants elected not to take the stand. Therefore no question as to their credibility was presented. It is recognized that the court has inherent power to assure itself of the presence of the accused during the course of the trial. For this purpose the trial judge has discretion to direct that an accused previously free under bond be taken into custody during the course of the trial. *State v. Mangum,* 245 N.C. 323, 96 S.E. 2d 39. The only limitation is that this must not be done in such manner or under such circumstances as to convey to the jury the impression that the court is expressing an opinion as to the probable guilt of the accused or as to his credibility if he becomes a witness. Nothing in the record would indicate that this occurred during the trial here under review." *Id.* at 449-50, 167 S.E. 2d at 78-79. The *Barnes* case posed the same question as the one raised here and the disposition of that case is controlling here. This assignment of error is overruled.

No error.

Judges MORRIS and VAUGHN concur.