STATE OF NORTH CAROLINA v. BILLY RAY COLLINS, ALIAS JAMES EARL COLLINS

No. 7312SC664

(Filed 10 October 1973)

Criminal Law § 98— incarceration of defendant — no expression of opinion by court

    A trial judge in his discretion may insure the presence of a defendant by ordering him into custody during the course of trial, and there is no prejudicial error so long as that discretion is not exercised in a manner which would convey, either explicitly or implicitly, to the jury the slightest intimation that the court had any opinion regarding defendant's credibility as a witness or the strength of his case; there was nothing in the present case to suggest that the circumstances surrounding the incarceration were such as would probably lead to potentially prejudicial speculation among members of the jury about the court's opinion of the case.

APPEAL by defendant from *Brewer, Judge,* 24 April 1973 Criminal Session of Superior Court held in HOKE County.

Upon indictment for robbery with a firearm, defendant Billy Ray Collins pleaded not guilty. The State's evidence indicated the following. On 14 January 1972, Fred Riley was working

---

State v. Collins

---

in his gun and antique store when defendant and a companion came in about four o'clock in the afternoon and began looking at guns. After browsing in the store for approximately half an hour, defendant asked Riley for a box of cartridges. Riley was on one side of the counter and defendant on the other. The cartridges were behind Riley on a second counter, and when he turned to get them, defendant pointed a gun at him, announcing, "Old man, this is a hold-up." Having tried without success to convince defendant to reconsider, Riley opened the cash register after defendant had several times threatened to kill him. Defendant removed about $160.00 from the register and also took a .41 Magnum revolver and a carbine rifle from the store. A pistol similar to that taken from Riley's shop was found on defendant's person, and a carbine rifle was recovered from the woods near the place at which defendant was apprehended. Defendant returned to the store in October 1972 and told Riley that "he wished I would reconsider a little bit and make things easier for him. That he has saved up some money and would like to make a deal with me if he could, so I wouldn't prosecute him." Although Riley refused this offer, defendant returned to the store several days later in an unsuccessful effort to convince Riley not to prosecute.

Defendant testified as follows. On the morning of 14 January he went to Fayetteville, N. C. and began drinking beer at a tavern around 10:00 a.m. or 10:30 a.m. He purchased five drug capsules known as "Yellow Jackets" in addition to a ten-dollar bag of marijuana. He took five pills and drank several beers before leaving Fayetteville and smoked a pipe full of marijuana while returning home. After arriving home early in the afternoon, defendant smoked the remaining marijuana, and he and a friend continued to drink beer. Defendant estimated that prior to 2:30 p.m. he had consumed a total of twelve beers in addition to the five "Yellow Jackets," and he maintained that after that time, or thereabouts, he was no longer able to understand what he was doing. He regained his awareness about 6:00 p.m., when he found himself in a swamp-like river, completely under water.

The jury found defendant guilty and from an active sentence of 20 to 30 years imprisonment, he appealed.

*Attorney General Robert Morgan by James Edward Magner, Jr., Assistant Attorney General, for the State.*

*Donald W. Grimes, Assistant Public Defender for defendant appellant.*

---

State v. Collins

---

VAUGHN, Judge.

Defendant's only assignment of error is that by ordering defendant incarcerated during the course of the trial and permitting the jury to observe defendant in custody, the court violated G.S. 1-180.

The following is the only reference in the record to the incarceration which defendant alleges entitles him to a new trial:

"COURT: Let the record show that the attorney for the defendant has made an objection as to the defendant being incarcerated for the night. Let the record further show that on previous occasions according to information by the Solicitor, the defendant has failed to appear in Court and on other occasions has failed to appear on time. The Court feels at this time that the presence of the defendant is necessary for the completion of this case and therefore sets a bond in the amount of $20,000.00 for his appearance at 9:30 tomorrow morning. (The Court ordered that the defendant be incarcerated overnight in the Hoke County Jail and that he be brought back to Court on the following morning in time for resumption of Court at 9:30 a.m. The following morning the defendant was returned to the courtroom and placed in the prisoner box which was located to the left of the bench and directly across the courtroom from the jury box. When the defendant was initially brought into the courtroom the jury was sequestered in the jury's chambers, but was thereafter returned to the jury box. When the defendant was ordered to 'come around' from the prisoner box in order to rejoin his counsel for the resumption of the trial, the jury was seated in the jury box. While the defendant was proceeding, in the jury's presence, from the prisoner box to his counsel's table, defense counsel renewed his objection to the defendant's having been incarcerated. At that time the Solicitor objected to the renewal of the defendant's objection in the presence of the jury. Upon the defense and Solicitor's objections, the Court denied the defendant's objection to which the defendant excepted.)"

That a trial judge in his discretion may insure the presence of a defendant by ordering him into custody during the course of trial is clear. *State v. Mangum*, 245 N.C. 323, 96 S.E. 2d 39. There is no prejudicial error so long as that discretion is not exercised in a manner which would convey, either expressly or

implicitly, to the jury the slightest intimation that the court had any opinion regarding defendant's credibility as a witness or the strength of his case. *State v. Doby*, 18 N.C. App. 123, 196 S.E. 2d 377; *State v. Barnes*, 4 N.C. App. 446, 167 S.E. 2d 76.

Defendant relies on *State v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568, and *State v. McBryde*, 270 N.C. 776, 155 S.E. 2d 266. In *Simpson*, defendant and two witnesses testified for the defense. Immediately following the testimony of the second defense witness, the court ordered defendant and his witnesses taken into custody. Although the court had recessed for the noon lunch, several of the jurors were still present in the courtroom when the above incident occurred. After the recess and the seating of the jury, defendant and the two witnesses were escorted into court by the sheriff. Later in the afternoon, the court instructed the solicitor to draw perjury indictments against defendant and his witnesses. In *McBryde*, when one of defendant's primary witnesses completed his testimony, the court instructed him not to leave the room. Shortly thereafter, still in the presence of the jury, the judge and sheriff conferred secretly at the bench. The sheriff then immediately took the witness into custody, returned him to the courtroom and placed him in the prisoner's box directly in front of the jury.

In both *Simpson* and *McBryde* the jury knew or was presumed to know that the court had participated in and ordered the incarceration of the parties under circumstances which could indicate that the court was of the opinion that their testimony was not truthful. *See State v. Barnes, supra.* In the instant case, assuming that since defendant was in the prisoner's box, the jury surmised he was in custody, we are unable to find a similar possibility of prejudice. There is nothing to suggest that the circumstances surrounding the incarceration were such as would probably lead to potentially prejudicial speculation among members of the jury about the court's opinion of the case. "It is not unusual for defendants in criminal cases to be in custody while they are being tried. . . . Certainly nothing in the record justifiably supports the conclusion that the jury heard or observed anything from which they could gain the impression that the trial judge was indicating any opinion as to the guilt of the [defendant]," or his truthfulness as a witness. *State v. Barnes, supra.* The jury was not present when the possibility of defendant's incarceration was discussed; it did not see or hear the court order that incarceration; it did not see the court's order

being executed; and it had no reason to assume that the defendant was placed in custody for committing perjury on the witness stand or because his defense appeared insufficient.

No error.

Chief Judge BROCK and Judge PARKER concur.