STATE OF NORTH CAROLINA v. TERRY SAUNDERS

No. 8214SC1010

(Filed 4 October 1983)

**1. Narcotics § 3.1— familiarity with defendant's residence**

In a prosecution for the sale of a controlled substance, an officer was properly permitted to testify that he was familiar with defendant's residence and that he knew defendant lived there.

**2. Narcotics § 3.1— testimony concerning investigation of defendant's residence**

An officer's testimony that he began an investigation of defendant's residence after learning from confidential, reliable sources of drug activities at such residence was not hearsay and was properly admitted to explain the officer's subsequent conduct in setting up a drug buy from defendant at the residence.

**3. Criminal Law § 122.1— questions by jury—instructions by court—no expression of opinion**

Where the jury in a prosecution for the sale of a controlled substance returned to the courtroom during deliberations and asked (1) how defendant discovered he was under arrest, (2) whether the person who made the drug buy had been accepted into the police academy prior to the buy, and (3) to

have defendant stand up and smile, the trial court did not express an opinion in instructing the jury that such questions had no bearing on the jury's task of determining the credibility of the witnesses and whether their testimony showed beyond a reasonable doubt that defendant was guilty. G.S. 15A-1232.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 3 June 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 29 August 1983.

Defendant was charged with selling or delivering a controlled substance. The State's evidence tended to show: Upon request from Officer J. T. Muse, an Investigator with the Durham Vice Narcotics Division, Ms. Beverly Council, a recruit to the Public Safety Academy, went to defendant's residence in order to purchase the drug, Phenmetrazine. Defendant sold her a pill, which proved, after analysis, to be Schedule II controlled substance, Phenmetrazine. Defendant stipulated to this fact.

From a jury verdict convicting defendant, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Newton G. Pritchett, Jr., for the State.*

*B. Frank Bullock, for the defendant appellant.*

VAUGHN, Chief Judge.

[1] On direct examination, Officer Muse testified that he was familiar with defendant's residence and that he knew defendant lived there. Defendant contends this evidence was improperly admitted in that the State did not lay a proper foundation. We find no merit in defendant's contention. There is nothing in the record to indicate that the Officer's testimony was not based on personal knowledge. Defendant had an opportunity to cross-examine Officer Muse regarding such stated facts and did not do so.

In cases involving disputes over land ownership, we have held that a witness may testify as to another's possession of a tract of land so long as the witness is subject to cross-examination. *See Berry v. Coppersmith,* 212 N.C. 50, 193 S.E. 3 (1937); *Bryan v. Spivey,* 109 N.C. 57, 13 S.E. 766 (1891). The same principles apply here. Furthermore, Officer Muse's testimony was properly admitted for purposes of explaining the subsequent conduct of Officer Muse and Ms. Council. *See State v. Johnson,* 176 N.C. 722, 97 S.E. 14 (1918).

[2]  Officer Muse testified further on direct examination that he began an investigation of defendant's residence after learning from confidential, reliable sources of drug activities at such residence. Defendant excepts to this testimony as inadmissible hearsay. We disagree.

Hearsay is the assertion of any person, other than that of the witness himself in his present testimony, offered to prove the truth of matter asserted. If offered for any other purposes, it is not hearsay. 1 Brandis on North Carolina Evidence § 138 (1982) (and cases cited therein). Officer Muse's testimony was not offered to prove that drug activities were being conducted at defendant's residence. Rather, it was offered to explain the Officer's subsequent conduct in setting up the drug buy between defendant and Ms. Council. "The statements of one person to another are admissible to explain the subsequent conduct of the person to whom the statement is made." *State v. White*, 298 N.C. 430, 437, 259 S.E. 2d 281, 286 (1979); *see also State v. Potter*, 295 N.C. 126, 244 S.E. 2d 397 (1978); *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977).

[3]  After trial, the judge properly instructed the jury regarding the evidence presented and law to apply. The jury deliberated and then returned to the courtroom with three questions. The jury asked: (1) how the defendant discovered he was under arrest; (2) whether Ms. Council had been accepted into the police academy prior to the incident in question; and (3) if the defendant would stand up and smile. The judge responded, we think properly, that these questions had no bearing on the jury's task of determining the credibility of the witnesses who testified and whether their testimonies showed beyond a reasonable doubt that defendant was guilty.

Defendant contends that the judge's remarks reflected a biased opinion in violation of G.S. 15A-1232. Defendant's contention is without merit.

G.S. 15A-1232 states: "In instructing the jury, the judge must declare and explain the law arising on the evidence. *He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence.* He must not express an opinion whether a fact has been proved." (Emphasis added.)

Answers to the jury's questions were unnecessary in order to apply the law to the evidence. The trial judge was impartial regarding the substantive elements in this case. In short, defendant received a fair jury trial. *See State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128 (1971); *State v. McBryde*, 270 N.C. 776, 155 S.E. 2d 266 (1967). We do not find the judge's refusal to answer the jury's questions pertaining to evidence extraneous to the charges nor his remarks regarding the pertinence of such evidence to be prejudicial to defendant. *See State v. Cox*, 6 N.C. App. 18, 169 S.E. 2d 134 (1969).

A judge is "not required to instruct the jury as to evidentiary matters essentially 'subordinate,' i.e., those which do not relate to the elements of the crime charged or to defendant's criminal responsibility." *State v. Ward*, 300 N.C. 150, 155, 266 S.E. 2d 581, 585 (1980). The trial judge used proper discretion. Defendant failed to prove he was prejudiced by the use of such discretion.

In his last Assignment of Error, defendant charges that the trial court erred in denying defendant's motion to set aside the verdict as contrary to the evidence. Defendant's charge is without merit. "A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial judge and is not reviewable on appeal in the absence of abuse of that discretion." *State v. Boykin*, 298 N.C. 687, 702, 259 S.E. 2d 883, 892 (1979), *cert. denied*, 446 U.S. 911 (1980). Here, there was no abuse of discretion. The record indicates substantial evidence warranting submission of the case to the jury. The jury reviewed the State's evidence and returned a verdict for the State.

No error.

Judges WHICHARD and PHILLIPS concur.